# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Case Nos. 5D2024-2975
5D2024-3492
LT Case No. 05-2023-CA-24604

———————————————

D.L.,

    Appellant,

    v.

COMMUNITY BASED CARE OF
BREVARD, INC. d/b/a Brevard
Family Partnership, THE
DEVEREAUX FOUNDATION, INC.,
d/b/a Devereaux Florida, and
BARBARA JONES,

    Appellees.

———————————————

On appeal from the Circuit Court for Brevard County.
Michelle L. Naberhaus, Judge.

Bryan S. Gowdy and Dimitrios A. Peteves, of Creed & Gowdy,
P.A., Jacksonville, and Lisa M. Hoffman, of Justice for Kids, a
Division of Kelley Kronenberg, P.A., Fort Lauderdale, for
Appellant.

Dorothy DiFiore and Megan G. Colter, of Quintairos, Prieto,
Wood & Boyer, P.A., Tampa, for Appellee, Community Based
Care of Brevard Inc. d/b/a Brevard Family Partnership.

Rebecca E. Rhoden and Michael D. Piccolo, of Lowndes, Drosdick, Doster, Kantor & Reed, P.A., Orlando, for Appellee, The Devereux Foundation Inc d/b/a Devereux Florida.

Lauren Elizabeth Bobek and Sage Morris-Webster, of Webster Law Group, P.A., Orlando, for Appellee, Barbara Jones.

February 13, 2026


SOUD, J.

Appellant D.L. brought her lawsuit against Appellees Community Based Care of Brevard, Inc., d/b/a Brevard Family Partnership, the Devereux Foundation, Inc., and Barbara Jones alleging that their individual and collective negligence caused her to become a victim of sexual battery while a minor in the foster care system. The trial court dismissed D.L.'s claims against Brevard Family Partnership and Jones and granted summary final judgment in favor of the Foundation, concluding D.L.'s claims against the Appellees were barred by the four-year statute of limitations set forth in section 95.11(3)(a), Florida Statutes (2022).

D.L. appeals these decisions, arguing that section 95.11(9) allows her claim to be brought at any time. We have jurisdiction. *See* Art. V, § 4(b)(1), Fla. Const.; Fla. R. App. P. 9.030(b). We reverse and remand for further proceedings, as we conclude the trial court erred in its determination that the four-year statute of limitations barred D.L.'s suit.

I.

The allegations in D.L.'s complaint are relatively straightforward. D.L. was born in 2000. She was removed from the care and custody of her biological parents in 2009 and placed with a family member. Because of physical limitations of that family member, the Florida Department of Children and Families placed D.L. in foster care in 2012. The Department contracted with Brevard Family Partnership to provide foster care and related services to children such as D.L. Brevard Family Partnership in turn contracted with the Foundation to provide foster care licensing, management, and other related services. Ultimately,

2

D.L. was placed in the foster home of Bobby and Barbara Jones, who were licensed foster parents.

In June 2014, D.L. disclosed that she was "molested by another child while living in the Jones' foster home." Notwithstanding the Joneses' knowledge of these allegations, they "took no actions to protect D.L." In 2015, following the closure of the Jones' foster home in November 2014, D.L. further disclosed that Bobby Jones sexually battered her.

In her three-count complaint filed in 2023, D.L. claimed that Brevard Family Partnership (Count I) and the Foundation (Count II) were each negligent by failing to appropriately screen the Jones home and continue to assess the safety of children placed there, thus allowing D.L. to be placed and remain in the home where she was sexually battered. D.L. also claimed that Barbara Jones (Count III) was negligent in failing to use reasonable care while caring for D.L., and failing to prevent D.L. from being sexually abused by Barbara Jones's husband, Bobby, as well as other children within the home.[1]

Brevard Family Partnership and Jones each moved to dismiss D.L.'s complaint, arguing that since her claims sound in negligence and not intentional or criminal acts of Brevard Family Partnership or Jones, D.L.'s claims were barred by the four-year statute of limitations in section 95.11(3)(a).[2] D.L. responded that section 95.11(9) allowed her to bring her action "at any time" because it was "related to" the sexual battery she alleged she suffered. Acknowledging that these motions presented a "difficult call," the

---

[1] D.L. did not bring any claim against Bobby Jones as the alleged perpetrator.

[2] D.L. filed her complaint on March 23, 2023, when the version of section 95.11 then in effect—covering the period from July 1, 2018, to March 23, 2023—provided for a four-year statute of limitations for negligence claims. Effective March 24, 2023, the statute was amended to reduce the limitations period for negligence to two years. *See* § 95.11(4)(a), Fla. Stat. (2023). The parties agree that the four-year statute of limitations governs this case.

3

trial court granted the motions and dismissed D.L.'s claims with prejudice.

Thereafter, the Foundation moved for summary judgment, based on essentially the same argument that D.L.'s claim against it, sounding in negligence, was barred by 95.11(3)(a)'s four-year statute of limitations. Consistent with its prior ruling, the trial court granted the motion and entered summary final judgment in favor of the Foundation, recognizing this case was a "close call," that there was not much caselaw addressing the legal issue presented, and that the issue was one the appellate courts should resolve.

This appeal followed.

## II.

We review de novo the trial court's dismissal of D.L.'s claims against Brevard Family Partnership and Jones, as we do the summary final judgment entered against her in favor of the Foundation. *See Baldwin v. Lab'y Corp. of Am.*, 396 So. 3d 798, 800 (Fla. 5th DCA 2024) ("The trial court's dismissal of this case, requiring the interpretation of Florida Statutes, presents a pure question of law. Thus, our review is de novo."); *see also State v. Burris*, 875 So. 2d 408, 410 (Fla. 2004) ("This question of statutory interpretation is subject to de novo review."); *Bradenton Grp., Inc. v. State*, 970 So. 2d 403, 408 (Fla. 5th DCA 2007) ("The standard of review for orders on summary judgment is de novo.").

## A.

The Florida Legislature "has adopted a comprehensive statutory framework to govern limitations periods." *R.R. v. New Life Cmty. Church of CMA, Inc.*, 303 So. 3d 916, 918 (Fla. 2020). In doing so, the Legislature has given considerable attention to addressing the "difficult questions about how best to balance the interests of minors with the interests served by statutes of limitations, especially in cases like this one." *Id.* at 918.

When deciding whether a limitations provision bars a claim, our work is relatively well-defined and statutorily driven. *See id.* at 923 ("[B]asic principles of statutory interpretation and, more

4

broadly, of separation of powers . . . [require] courts . . . faithfully apply the . . . rules prescribed by the Legislature."). In this context, our analysis considers three distinct, yet related, questions: (1) what statute of limitations provision applies; (2) when did the statute begin to run, i.e., when did the cause of action accrue; and (3) whether a tolling provision is provided by statute that suspended the running of the limitations period for a length of time. *See id.* at 920.

Our resolution of this appeal hinges entirely on our answer to the first question:[3] which statute of limitation applies—are D.L.'s negligence claims subject to section 95.11(3)(a)'s four-year statute of limitations for negligence actions, or do her claims fall under section 95.11(9), which allows claims "related to" sexual abuse she suffered while under 16 years of age to be brought at any time? In considering this issue, we must turn to the language of the respective statutes.

### B.

At the time D.L. filed her complaint, Florida law generally required actions founded on negligence to be commenced within four years. *See* § 95.11(3)(a), Fla. Stat. However, as part of the comprehensive framework governing limitation periods, in 2010 the Florida Legislature "abolished the statute of limitations for actions related to [sexual] battery on a victim under 16, so long as the claim was not time-barred on or before July 1, 2010." *Doe 1 v.*

---

[3] The parties before us do not dispute that D.L.'s causes of action accrued at the time provided by the "statutory default rule," *see R.R.*, 303 So. 3d at 922—"when the last element constituting the cause of action occurs." § 95.031(1), Fla. Stat. And in cases such as this, that would be when the sexual abuse was inflicted upon the victim. *See R.R.*, 303 So. 3d at 921. Likewise, D.L. does not suggest the applicable statute of limitations was tolled. Rather, the entirety of her argument rests on her contention that section 95.11(9) allows her to bring her case "at any time."

*Archdiocese of Miami, Inc.*, 360 So. 3d 778, 782 (Fla. 3d DCA 2023). Specifically, section 95.11(9)[4] provided:

> An action *related to* an act constituting a violation of s. 794.011 involving a victim who was under the age of 16 at the time of the act may be commenced at any time. This subsection applies to any such action other than one which would have been time barred on or before July 1, 2010.

§ 95.11(9), Fla. Stat. (emphasis added). Thus, under the applicable version of the statute, for an action to be permitted under this statute, it must: (1) "relate to"; (2) an act violative of section 794.011 (a sexual battery); (3) committed against a victim less than 16 years of age when the battery was committed; and (4) not be time-barred on or before July 1, 2010. *See id.*

There is no material dispute that the allegations in D.L.'s complaint fall within the last three statutory requirements; that is, she alleges she was the victim of a sexual battery when a minor under the age of 16 years that occurred after she was placed in the Jones' foster home in August 2012 (post July 1, 2010). As a result, the dispositive issue is whether D.L.'s claims against Appellees are "*related to*" the alleged sexual battery she suffered. If they are, section 95.11(9) allowed her to bring her case "at any time," and section 95.11(3)(a)'s four-year limitation did not bar her suit.

1.

When interpreting statutes, this Court's "task is to give effect to the words that the legislature has employed in the statutory text." *Lab'y Corp. of Am. v. Davis*, 339 So. 3d 318, 323 (Fla. 2022). To fulfill this duty, "'our first (and often only) step . . . is to ask what the Legislature actually said in the statute, based upon the common meaning of the words used' when the statute was enacted." *Tsuji v. Fleet*, 366 So. 3d 1020, 1025 (Fla. 2023).

---

[4] Following the statute's 2023 amendment, this provision, which now also contemplates claims related to human trafficking, is found at 95.11(10).

Of course, we remain "mindful of the 'fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used.'" *Davis*, 339 So. 3d at 324. In the end, our aim "is to arrive at a 'fair reading' of the text by 'determining the application of [the] text to given facts on the basis of how a reasonable reader, fully competent in the language, would have understood the text at the time it was issued.'" *Ham v. Portfolio Recovery Assocs., LLC*, 308 So. 3d 942, 947 (Fla. 2020) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 33 (2012)); *see also Baldwin*, 396 So. 3d at 801.

2.

Generally, the common meaning of the phrase "related to," as found in this statute, "is a broad one." *Morales v. Trans World Airlines,* 504 U.S. 374, 383 (1992). It simply means, "[c]onnected in some way; having relationship to or with something else." *Related*, BLACK'S LAW DICTIONARY (10th ed. 2014). The American Heritage Dictionary, 5th Edition, likewise defines "related" to mean, "being connected; associated."

The United States Supreme Court has provided a substantially similar meaning. In interpreting the Airline Deregulation Act of 1978, the Court emphasized the breadth of the phrase "relating to" and defined it to mean "to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with." *Morales*, 504 U.S. at 383 (quoting BLACK'S LAW DICTIONARY 1158 (5th ed. 1979)). Decades later, in the context of interpreting federal law allowing the deportation of illegal aliens convicted of an aggravated felony, including those "*relating to* obstruction of justice," the Court determined that the words "relating to" included "offenses that *have 'a connection with'* obstruction of justice." *Pugin v. Garland*, 599 U.S. 600, 607 (2023) (emphasis added).

Florida courts have followed suit. *See Republic Props. Corp. v. Grand Jury Presentment on City of W. Palm Beach, Part A, Fall Term 2006*, 971 So. 2d 289, 292 (Fla. 4th DCA 2008) (quoting *Morales* and adopting its broad definition of "relating to"). And Florida law does not require a heightened nexus. "The phrase

7

['relating to"] does not necessarily mean . . . a 'significant' association or connection. Indeed, the word 'significantly' does not appear anywhere in the statute; nor is the word 'relating' modified." *Id.*; *see also Mellouli v. Lynch*, 575 U.S. 798, 814–15 (2015) (Thomas, J., dissenting) (concluding that because the term "sweep[s] quite broadly" this relationship "does not require a complete overlap between" those things connected).

Thus, against this backdrop the phrase "related to" in section 95.11(9) is properly understood to require D.L.'s claims to have a connection with the alleged sexual battery committed against her when she was less than 16 years old. And it is clear that D.L.'s claims against Appellees are sufficiently connected to the sexual abuse she alleges she suffered at the hands of Bobby Jones while a minor in foster care. The essence of her action is that the individual and collective negligence of the Appellees allowed—and even facilitated—her sexual abuse. And this connection between the claimed negligence of Appellees and the alleged sexual abuse suffices for purposes of section 95.11(9) such that D.L.'s claims can be brought at any time.

3.

Notwithstanding Appellees' arguments to the contrary, the statute does not limit the nature of the actions permitted under the statute. Rather, section 95.11(9) permits in broad terms "an action." § 95.11(9), Fla. Stat. There is no qualifier or other limiting phrase modifying the word "action." The statute simply permits "an action," which, in this context, simply means "[a] civil . . . judicial proceeding." *Action*, BLACK'S LAW DICTIONARY (10th ed. 2014).

If the Legislature wanted to limit the kind of action that can be brought under subsection (9), it certainly knows how to do so. This is evident in the fact that subsection (7), just two subsections before subsection (9), does expressly address "Intentional Torts Based on Abuse."[5] Likewise, subsection (10) immediately following subsection (9) of the 2022 version of the statute addresses

---

[5] This limitations provision addressing "Intentional Torts Based on Abuse" is now found in section 95.11(8), Florida Statutes.

"Intentional Torts Resulting in Death."[6] Yet, there is no language in section 95.11(9) that limits a permitted claim to intentional torts, such as in sections 95.11(7) and (10). And "when the legislature includes particular language in one section of a statute but not in another section of the same statute, the omitted language is presumed to have been excluded intentionally." *USAA Cas. Ins. Co. v. Emerg. Physicians, Inc.*, 393 So. 3d 257, 261 (Fla. 5th DCA 2024), *review denied*, No. SC2024-1485, 2025 WL 353601 (Fla. Jan. 31, 2025).

When viewed together, this textual evidence is a strong indicator that a child such as D.L. can bring any legally cognizable claim under subsection (9)—whether sounding in negligence, intentional torts, or respondeat superior—that is related to sexual abuse against her when she was under age 16 that was not barred prior to July 1, 2010. *See Alachua County v. Watson*, 333 So. 3d 162, 169 (Fla. 2022) (stating that courts are to "exhaust 'all the textual and structural clues' bearing on that meaning. When exhausting those clues enables us to resolve the interpretive question put to us, our 'sole function' is to apply the law as we find it." (quoting *Niz-Chavez v. Garland*, 593 U.S. 155, 160 (2021))).

Additionally, the language of the statute does not limit a defendant against whom an action may be brought to only the perpetrator of the abuse. "The language is broad enough to include a cause of action against a non-perpetrator if it is related to a sexual battery." *W.D. v. Archdiocese of Miami, Inc.*, 197 So. 3d 584, 589 (Fla. 4th DCA 2016); *see also Doe 1*, 360 So. 3d at 78 (citing *W.D.* for this same conclusion).

### III.

Accordingly, because D.L.'s suit could be brought at any time pursuant to section 95.11(9), we REVERSE the trial court's dismissal of D.L.'s claims against Brevard Family Partnership and Jones, as well as the summary final judgment entered in favor of

---

[6] This limitations provision governing "Intentional Torts Resulting in Death" is now found in section 95.11(11).

9

the Foundation. This case is REMANDED to the trial court for further proceedings consistent with this opinion.

It is so ordered.

WALLIS and KILBANE, JJ., concur.

―――――――――――――――

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

―――――――――――――――